UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANDRY'S LLC AND LANDRY'S TRADEMARK INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> HOUSTON INTERACTIVE AQUARIUM & ANIMAL PRESERVE, LLC, CRYSTAL COVINO, and AMMON COVINO, <br><br> *Defendants*. | Civil Action No. 4:23-cv-1229 |

## DEFENDANTS' ORIGINAL ANSWER

NOW COMES Defendants, HOUSTON INTERACTIVE AQUARIUM & ANIMAL PRESERVE, LLC, CRYSTAL COVINO, and AMMON COVINO, and file this Original Answer to Plaintiff's Complaint. Pursuant to Fed. R. Civ. P. 8(b), Defendants respond to the allegations in each corresponding paragraph of the Complaint as follows. To the extent that allegations in the Complaint are not expressly admitted, they are denied.

### I.  INTRODUCTION

1. Paragraph 1 is a narrative to which no response is necessary. To the extent a response is necessary, Defendant lack sufficient knowledge or information to admit or deny the first sentence, and so denies. Defendant denies the second sentence and objects to Plaintiffs' disparaging remarks concerning Defendant Ammon Covino which are wholly unrelated to the present dispute. Defendants admit that the mailing address of Houston Interactive Aquarium & Animal Preserve is in Humble, Texas, mere feet outside Houston city limits.[1]

---

[1] By way of comparison, the address of Houston Interactive Aquarium is 5440 N. Sam Houston Pkwy E., Humble, Texas while the mailing address of the neighboring property at 5400

---
DEFENDANT'S ORIGINAL ANSWER                                      Page 1 of 13

2. Denied.

3. Defendant lacks sufficient knowledge or information to admit or deny the allegations of paragraph 3 and therefore denies.

4. Defendant denies the allegations of paragraph 4 and would require Plaintiffs to put forth evidence of actual confusion and irreparable harm.

**II.  JURISDICTION AND VENUE**

5. Defendants admit the Court has subject matter jurisdiction over Plaintiffs' claims as asserted against Houston Interactive Aquarium & Animal Preserve LLC but denies the Court has jurisdiction over Crystal Covino or Ammon Covino as they are not proper parties to this lawsuit and cannot be liable to Plaintiffs in the capacity in which they have been sued.

6. Defendants admit that venue is proper in this Court.

**III.  THE PARTIES**

7. Defendants lack sufficient knowledge or information to form a belief about the truth of Plaintiff Landry's LLC's allegations that it is a Delaware limited liability company or the location of its principal office.

8. Defendants lack sufficient knowledge or information to form a belief about the truth of Plaintiff Landry's Trademark Inc.'s allegations that it is a Delaware limited liability company or the location of its principal office.

9. Defendant admits that it is a Texas limited liability company with a principal place of business at 5440 N. Sam Houston Pkwy. E., Humble, TX 77936. Defendant admits that it was temporarily forfeited by the Texas Secretary of State but states that it was reinstated on

---

N. Sam Houston Pkwy E. is Houston, Texas. Further, the Harris County Central Appraisal District lists Defendants' location as 5440 N. Sam Houston Pkwy E., **HOUSTON**, TX 77032.

March 27, 2023, prior to the filing date of Plaintiff's Complaint. Defendant denies that it failed to maintain a registered agent for a period of 90 days before its termination.

10. Defendant admits the allegations of paragraph 10 except that Defendant states it was reinstated by the Texas Secretary of State on March 27, 2023, and so denies that it "continues to operate…after its involuntary termination."

11. Defendant admits the allegations of paragraph 10 except that Defendant states it was reinstated by the Texas Secretary of State on March 27, 2023, and so denies that it "continues to operate…after its involuntary termination."

**IV.     FACTUAL BACKGROUND**

12. Paragraph 12 does not contain any allegations directed to Defendants. However, to the extent paragraph 12 requires a response, Defendants lack sufficient knowledge or information concerning Plaintiffs' business operations or reputation and so deny the allegations of paragraph 12.

13. Paragraph 13 does not contain any allegations directed to Defendants. However, to the extent paragraph 13 requires a response, Defendants lack sufficient knowledge or information concerning Plaintiffs' business operations or reputation, and so deny the allegations of paragraph 13.

14. Paragraph 14 does not contain any allegations directed to Defendants. However, to the extent paragraph 14 requires a response, Defendants lack sufficient knowledge or information concerning Plaintiffs' business operations or reputation, and so deny the allegations of paragraph 14.

15. Paragraph 15 does not contain any allegations directed to Defendants. However, to the extent paragraph 15 requires a response, Defendants lack sufficient knowledge or

information concerning the recognition of Plaintiffs' trademarks or trade dress, and so deny the allegations of paragraph 15.

16. Paragraph 16 does not contain any allegations directed to Defendants. However, to the extent paragraph 16 requires a response, Defendants lack sufficient knowledge or information concerning any acquired distinctiveness of Plaintiffs' trade dress, and so deny the allegations of paragraph 16

17. Paragraph 17 does not contain any allegations directed to Defendants. However, to the extent paragraph 17 requires a response, Defendants lack sufficient knowledge or information concerning the alleged value of Plaintiffs' trademarks or trade dress, and so deny any allegations of paragraph 17.

18. Paragraph 18 does not contain any allegations directed to Defendants. However, to the extent paragraph 18 requires a response, Defendants have not investigated the ownership or current registration status of any of Plaintiffs' trademarks, and so deny any allegations of paragraph 18.

19. Paragraph 19 does not contain any allegations directed to Defendants. However, to the extent paragraph 19 requires a response, Defendants have not investigated the ownership or current registration status of any of Plaintiffs' trademarks, and so deny any allegations of paragraph 19.

20. Paragraph 20 does not contain any allegations directed to Defendants. However, to the extent paragraph 20 requires a response, Defendants have not investigated Plaintiffs' current use of its trademarks, and so deny any allegations of paragraph 20.

21. Paragraph 21 does not contain any allegations directed to Defendants. However, to the extent paragraph 21 requires a response, Defendants have not investigated Plaintiffs' current use of its trademarks, and so deny any allegations of paragraph 21.

22. Paragraph 22 does not contain any allegations directed to Defendants. However, to the extent paragraph 22 requires a response, Defendants have not investigated Plaintiffs' current trade dress or use of fonts or colors, and so deny any allegations of paragraph 22.

23. Paragraph 23 does not contain any allegations directed to Defendants. However, to the extent paragraph 23 requires a response, Defendants lack sufficient knowledge or information concerning the alleged acquired distinctiveness or associated goodwill of Plaintiffs' Downtown Aquarium, and so deny any allegations of paragraph 23.

24. Defendants admit but state that the allegations of paragraph 24 are immaterial to the current dispute and are raised by Plaintiffs merely to harass and disparage Ammon Covino.

25. Defendants admit but state that the allegations of paragraph 25 are immaterial to the current dispute and are raised by Plaintiffs merely to harass and disparage Ammon Covino. Further, to the extent paragraph 25 alleges that Mr. Covino is currently involved in the exhibition, purchase or sale of fish and wildlife, Defendants deny those allegations.

26. Defendants admit but state that the allegations of paragraph 26 are immaterial to the current dispute and are raised by Plaintiffs merely to harass and disparage Ammon Covino.

27. Defendants admit but state that the allegations of paragraph 27 are immaterial to the current dispute and are raised by Plaintiffs merely to harass and disparage Ammon Covino.

28. Defendants admit that Houston Interactive Aquarium and Animal Preserve LLC opened a facility at 5440 N. Sam Houston Pkwy. E. in Humble, TX and admit that Ammon

Covino is listed as a Director of Houston Interactive Aquarium and Animal Preserve LLC but denies that his involvement violates the terms of his parole.

29. Denied. Defendant states that it was reinstated by the Texas Secretary of State on March 27, 2023.

30. Admit and Defendants state further that its location is mere feet outside the Houston city limits. Further, the Harris County Central Appraisal District identifies Defendants' property as 5440 N. Sam Houston, Pkwy. E., **Houston**, TX 77032.

31. Paragraph 31 does not contain any allegations directed to Defendants. However, to the extent paragraph 31 requires a response, Defendants restate that its location is mere feet outside Houston city limits. For example, the property next door to the Houston Interactive Aquarium and Animal Preserve at 5400 N. Sam Houston Pkwy. E. is located within the Houston city limits. Further, the Harris County Central Appraisal District identifies Defendants' property as 5440 N. Sam Houston, Pkwy. E., **Houston**, TX 77032.

32. Denied.

33. Paragraph 33 does not contain any allegations directed to Defendants. However, to the extent paragraph 33 requires a response, Defendants have not investigated Plaintiffs' trademark registrations or the scope of any coverage to include fonts, and so deny any allegations of paragraph 33.

34. Defendants admit that Crystal Covino controls entities operating aquariums in Austin and San Antonio. All other allegations of paragraph 34 are denied.

35. Defendants admit that it uses different trade dress at the Austin and San Antonio aquariums and that its branding does not infringe Plaintiffs' rights. All other allegations of paragraph 35 are denied.

36. Defendants admit that it offers an Underwater Adventure. All other allegations of paragraph 36 are denied.

37. Defendants admit it offers aquatic life and other exhibits as well as a food and concession stand. Defendants deny any substantial similarity or other allegations of paragraph 37.

38. Denied.

39. Defendants admit that it uses the phrase "An Interactive Adventure Like No Other" but denies all other allegations of paragraph 39.

40. Defendants admit that it uses aquatic and animal characters to market their business but otherwise denies the allegations of paragraph 40.

41. Defendants deny that it has adopted any elements of Landry's trade dress or that Defendants have caused any confusion. Defendants have not investigated the relevance, validity or source of any alleged posted reviews and therefore deny the allegations of paragraph 41.

42. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 42 and therefore deny.

43. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 42 and therefore deny.

44. Denied and Defendant further states that it was reinstated on March 27, 2023, prior to Plaintiffs filing their complaint.

45. Defendants admit that it received a letter from Plaintiffs.

46. Defendants admit that it has no intention of changing its branding or trade dress as it does not infringe Plaintiffs' trademarks or trade dress.

47. Denied.

48. Denied.

49. Denied.

50. Denied

V. **CAUSES OF ACTION**

**COUNT I: TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))**

51. No response required.

52. The allegations of paragraph 52 state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied. Defendants further lack sufficient information or knowledge regarding the inherent distinctiveness of Plaintiffs' trade dress and, therefore, deny.

53. The allegations of paragraph 53 state legal conclusions that require no answer of Defendants or do not contain any allegations directed to Defendants, but to the extent that such allegations require an answer, they are denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Defendants deny that Plaintiffs are entitled to any injunctive relief.

**COUNT II: TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

59. No response required.

60. The allegations of paragraph 60 state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

61. Denied.

62. Denied.

63. Denied.

64. The allegations of paragraph 64 state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

65. Denied.

66. Defendants deny that Plaintiffs are entitled to any judgment or damages.

**COUNT III: INFRINGEMENT OF REGISTERED MARKS (Tex. Bus. & Comm. Code §§ 16.102 *et seq.*)**

67. No response required.

68. The allegations of paragraph 68 state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

69. Denied.

70. Denied.

71. Denied.

72. The allegations of paragraph 72 state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

73. Denied.

74. Denied.

75. Defendants deny that Plaintiffs are entitled to any judgment or damages.

**COUNT IV: FALSE DESIGNATION OF ORIGIN (15 U.S.C § 1125(a))**

76. No response required.

77. Denied.

78. The allegations of paragraph 78 do not contain any allegations directed to Defendants, but to the extent that such allegations require an answer, they are denied.

79. Denied.

80. Denied.

81. The allegations of paragraph 81 state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

82. Defendants deny that Plaintiffs are entitled to any judgment or damages.

## COUNT V: UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES

83. No response required.

84. The allegations of paragraph 84 do not contain any allegations directed to Defendants, but to the extent that such allegations require an answer, they are denied.

85. Denied.

86. Denied.

87. The allegations of paragraph 87 do not contain any allegations directed to Defendants, but to the extent that such allegations require an answer, they are denied.

88. Denied.

89. Denied.

90. Defendants deny that Plaintiffs are entitled to any judgment or damages.

## COUNT VI: DILUTION OF FAMOUS MARKS (Tex. Bus. & Comm. Code § 16.103)

91. No response required.

92. The allegations of paragraph 92 do not contain any allegations directed to Defendants, but to the extent that such allegations require an answer, they are denied.

93. Denied.

94. Denied.

95. Denied.

96. Defendants deny that Plaintiffs are entitled to any judgment or damages.

## VI. REQUEST FOR PRELIMINARY INJUNCTION

97. No response required.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Defendants deny that Plaintiffs are entitled to any injunctive relief.

## VII. REQUEST FOR PERMANENT INJUNCTION

105. No response required.

106. Denied.

107. Denied.

108. Denied.

109. Defendants deny that Plaintiffs are entitled to any injunctive relief.

## VIII. JURY DEMAND

110. No response required.

## IX. PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief on its claims.

## X. JURY DEMAND

111. Defendants hereby request a trial by jury pursuant to Fed. R. Civ. P. 38.

## XI. DEFENDANT'S AFFIRMATIVE DEFENSES

1. Upon information and belief, Landry's LLC lacks standing to assert the claims brought in this lawsuit.

2. Defendants Crystal Covino and Ammon Covino are not liable to Plaintiffs in the capacity in which they were sued.

3. Defendants Crystal Covino and Ammon Covino are not proper parties to this suit.

4. Plaintiff's claims are barred in whole or in part by laches.

5. Defendants have at all times acted in good faith.

6. Defendants reserve the right to assert additional affirmative defenses based on discovery in this case in accordance with the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully requests that:

a. Plaintiffs take nothing by their claims in this case;

b. Plaintiffs' claims be dismissed with prejudice;

c. Defendants be awarded all reasonable and necessary attorney fees and costs;

d. Defendants be awarded such other and further relief to which they may be justly entitled.

Dated: May 16, 2023  THE FOWLER LAW FIRM, P.C.

*/s/ Michael J. Smith*

Michael J. Smith
Texas State Bar No.24037517
3301 Northland Drive, Suite 101
Austin, Texas 78731
Telephone: 512.441.1411
Facsimile: 512.469.2975
Email: msmith@thefowlerlawfirm.com
*Attorney-in-Charge (signed by permission)*
*Attorneys for Defendants (pending admission)*

and

HAYWARD PLLC

*/s/ Ron Satija*
Ron Satija
Southern District Bar No. 1139107
Texas State Bar No. 24039158
RSatija@HaywardFirm.com
7600 Burnet Rd, Ste. 530
Austin, TX 78757
(737) 881-7100 phone/fax
*Of-counsel*

## CERTIFICATE OF SERVICE

I certify that, on May 16, 2023, I electronically filed the foregoing with this Court using the CM/ECF system, which will send notification to counsel for all other parties.

*/s/ Ron Satija*
Ron Satija