United States District Court
Southern District of Texas
**ENTERED**
February 28, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| LANDRY'S LLC, *et al.*, § § Plaintiffs. § § v. § § HOUSTON INTERACTIVE § AQUARIUM & ANIMAL PRESERVE § LLC, *et al.*, § § Defendants. § | CIVIL ACTION NO. 4:23-cv-01229 |

## OPINION AND ORDER

Plaintiffs Landry's LLC and Landry's Trademark, Inc. (collectively, "Landry's") have filed a Motion to Enforce Settlement (Dkt. 68) against Defendant Houston Interactive Aquarium & Animal Preserve LLC ("HIA") in this trademark action brought pursuant to the Lanham Act. HIA's deadline to respond to the motion was February 20, 2024. HIA has not responded. Under the local rules, HIA's "[f]ailure to respond to [Landry's Motion to Enforce Settlement is] taken as a representation of no opposition." S.D. Tex. L.R. 7.4. Yet, even if HIA had responded in opposition to the motion, I would still find that a settlement agreement was reached, and that it must now be enforced.

"In addition to its broad discretion to award attorney's fees, a district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). When "[t]he settlement involves a right to sue derived from a federal statute," like Landry's trademark and trade dress claims under the Lanham Act, "federal law . . . governs the validity of the settlement." *Macktal v. Sec'y of Lab.*, 923 F.2d 1150, 1157 n.32 (5th Cir. 1991).

"The court's analysis of a motion to enforce a settlement agreement proceeds in two steps. First, the moving party must prove that the parties reached an

agreement regarding all material terms." *Lozano v. Metro. Transit Auth. of Harris Cnty.*, No. 4:14-cv-1297, 2016 WL 3906295, at *3 (S.D. Tex. July 19, 2016). "If the court finds that an agreement was reached, the non-moving party must prove that the agreement is tainted with invalidity and should not be enforced." *Id.* When the parties agree to the material terms of a settlement, "[f]ederal law does not require . . . that the settlement be reduced to writing" to be enforceable. *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. Dec. 1981). As such, even if a party "who has previously authorized a settlement changes his mind when presented with settlement documents, that party remains bound by the terms of the agreement." *Id.*

The parties "put the material terms on the record," at a settlement conference before then-Judge Sam Sheldon on September 20, 2023. Dkt. 68-6 at 3. Those terms included that HIA would "use good faith" to "provide a new font and change the color of 'Aquarium,'" and "immediately take[] down" any physical signs having "the blue 'Aquarium.'" *Id.* at 5. After reciting these terms, Judge Sheldon asked HIA's counsel: "Are those the material terms that you understand that we've agreed to?" *Id.* HIA's counsel responded: "Agreed, Your Honor." *Id.* Thus, I have no trouble finding that Landry's and HIA reached an agreement regarding all material terms. HIA has not disputed this fact and has offered no reason why the agreement is tainted or should not be enforced. Thus, I find that Landry's and HIA entered into an enforceable settlement agreement at the September 20, 2023 settlement conference. To enforce that agreement, I **ORDER** HIA to change the font and blue color of its logo on all signage within 14 days of the entry of this order. Landry's and HIA must also comply with all other terms of the settlement agreement.

Finally, Landry's seeks sanctions in the amount of the attorneys' fees it has incurred in seeking to enforce the parties' settlement agreement. A "court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)

(quotations omitted). A party's refusal to abide by a settlement agreement "qualifies as vexatious behavior that can support the award of attorneys' fees by a federal court." *Seals v. Herzing Inc.-New Orleans*, 482 F. App'x 893, 897 (5th Cir. 2012). The parties "[a]greed]" to the "material terms" *on the record* before a federal judge. Dkt. 68-6 at 5. HIA has not even bothered to respond to Landry's motion. How could it? This is as plainly enforceable of an agreement as could exist. HIA's refusal to abide by this agreement indeed merits sanctions. Accordingly, I **GRANT** Landry's request for sanctions. I will enter an award of sanctions upon receipt of an affidavit and accounting of the fees expended to enforce the parties' settlement agreement. Landry's should file its affidavit and accounting by Wednesday, March 13, 2024.

In sum, I **GRANT** Landry's Motion to Enforce Settlement. Dkt. 68. Landry's pending Motion for Preliminary Injunction (Dkt. 27) is now moot. The Clerk is directed to terminate that motion. This case is dismissed. A final judgment will issue separately.

SIGNED this 28th day of February 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE